SIEGEL MARKET, Appellant, v. J. H. BILLINGS, Appellee.

PAYMENT: Pleadings—General Denial. Evidence of payment of an account is not admissible under a general denial. (See Book of Anno., Vol. 1, Sec. 11209, Anno. 47 *et seq.*)

ATTACHMENT: Bond—Action—Attorney Fee—Improper Allowance. Attorney fees may not be allowed both by the jury and by the court. (Sec. 12090, Code of 1924.)

Headnote 1: 30 Cyc. p. 1262; Headnote 2: 6 C. J. p. 543.

Headnote 1: 21 R. C. L. 116.

*Appeal from Waterloo Municipal Court.*—J. C. BEEM, Judge.

## NOVEMBER 16, 1926.

### REHEARING DENIED FEBRUARY 19, 1927.

Action at law in the municipal court on an account for $167 for merchandise sold and delivered to the defendant. The answer was a general denial, except as to the amount of $11.29. The defendant also filed a counterclaim on the attachment bond for wrongfully suing out the attachment. A verdict was rendered denying to the plaintiff any recovery on his claim in excess of $11.29, and awarding damages on the counterclaim for $225. There was a judgment on the verdict, and plaintiff appeals.—*Reversed.*

*John H. Meyers,* for appellant.

*Sullivan & Sullivan,* for appellee.

EVANS, J.—There is no appearance for the appellee. The record before us presents a clear case of miscarriage of justice. The plaintiff's petition set forth an itemized statement of his account. The only defense pleaded was a general denial. The defendant, as a witness, denied none of these items, but impliedly admitted them. He testified, however, that he paid them. No such issue was tendered. The plaintiff's items were thus wholly undenied in the evidence, and in effect admitted. The court, however, submitted the issue on the general denial to the jury, and the verdict of the jury rejected the account *in toto,* except as admitted.

1. PAYMENT: pleadings: general denial.

The testimony of the defendant that he had paid the account was, on the face of it, such manifest perjury that the resulting verdict could not have been rendered except through

**2. ATTACHMENT:**
**bond: action:**
**attorney fee:**
**improper allow-**
**ance.**

passion and prejudice. The defendant claimed attorney fees as a part of his damages in the counterclaim, and evidence was introduced in support thereof before the jury, and was included in the submission to the jury. An additional attorney fee to the amount of $80 was allowed by the court, upon motion, and taxed as a part of the costs. We know of no rule that will permit either the duplication or splitting of attorney fees in this manner.

The judgment below is, accordingly, reversed.—*Reversed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.